Opinion delivered May 25, 1887.

## No. 5160.

## J. E. G. COVEY *v.* THE STATE.

1. PERJURY—INDICTMENT.—If an indictment for perjury shows by its allegations that the perjury was committed in a judicial proceeding in a court of competent jurisdiction, and describes the judicial proceeding with reasonable certainty, it need only allege in general terms that a certain issue was joined in said proceeding, and need not specifically allege what the issue was.

2. SAME.—Though the testimony taken at an examining trial should be reduced to writing as directed by the Code of Procedure, yet perjury may be assigned upon oral testimony taken but not reduced to writing in such trial.

3. NEW TRIAL—CONTINUANCE.—Though a continuance was properly refused because diligence was not shown, yet upon the motion for new trial, if the evidence adduced at the trial denotes that the absent testimony was material and probably true, the trial court should grant a new trial. And the action of the trial court in this matter will be revised on appeal if it appears that the defendant may have sustained injury in consequence of the refusal of the continuance.

4. SAME—PRACTICE IN THIS COURT.—As cause for reversal on appeal, however, it must not only appear that the defendant suffered prejudice by reason of the refusal of the continuance by the trial court, but it must be reasonably probable that the absent testimony would induce a verdict more favorable to the appellant. See this case in illustration.

APPEAL from the District Court of Comanche. Tried below before the Hon. J. C. Randolph.

The indictment charged the appellant with perjury, alleged to have been committed by him in his testimony at an examining trial of C. A. Lee upon a charge of incest. Appellant was found guilty by the jury, and his punishment was assessed at a term of five years in the penitentiary.

The gravamen of the alleged perjury was that the appellant,

at said examining trial, willfully, deliberately and falsely testified that, on September 5, 1885, he "saw C. A. Lee have carnal knowledge of his daughter, Ida Lee."

When the case was called for trial, the defendant applied for a continuance on account of the absence of two of his witnesses, one of whom was Jeff Cole, whose expected testimony is that considered by this court in its rulings upon the refusal of a new trial by the court below.

The testimony expected from said Cole, as set forth in the application for continuance, was obviously desired for the purpose of corroborating the truth of the matter assigned as perjury, and of contradicting the State's witnesses, C. A. Lee and daughter, who positively testified to its falsity. At the trial, the State adduced evidence that the appellant, in his testimony at the examining trial, stated that the incestuous intercourse of Lee and daughter took place in the shed room of a certain house, and that he, the appellant, saw it thróugh a crack in the wall, and that said Lee and daughter were in a standing position at the time. The application for a continuance alleges that the said Jeff Cole would testify that the appellant, on the day of the examining trial of Lee for incest, pointed out to him, Cole, the exact spot at which Lee and daughter stood during their carnal act, and that he, Cole, there plainly saw two large tracks, apparently those of a man, close together and pointing in the same direction, and also saw two smaller tracks, apparently those of a woman, wider apart than the other two, and one of them on either side of the other two, indicating that the persons who made the tracks were standing. The opinion of this court, it will be observed, in considering the probative force of this expected testimony, alludes to the strong inducement which might actuate the State's witnesses, Lee and daughter, to convict the appellant, and to the fact that Lee's character for truth and veracity was strongly impeached by several witnesses.

In view of the rulings in this case, there seems to be no occasion for a detailed statement of the somewhat elaborate evidence.

*W. O. Hamilton,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   I.   It is not essential in an indictment for perjury that the allegation of issue joined shall show specifically what the issue was.   If the indictment by its allegations shows that the perjury was committed in a judicial proceeding in a court of competent jurisdiction, and describes the judicial proceedings with reasonable certainty, it is sufficient to allege in general terms that a certain issue was joined in said proceedings without stating the issue.   (2 Archbold's Crim. Prac. and Plead., 1738; 2 Wharton's Prec., 581, 582a.)   In this respect the indictment before us is sufficient.

II.   It is alleged in the indictment that the false testimony upon which the perjury is assigned was material to the issue in the judicial proceeding.   It does not appear upon the face of the indictment, as contended for by defendant's counsel, that said alleged false testimony was immaterial.   On the contrary, we think its materiality is apparent upon the face of the indictment, and in this particular the indictment is not bad.

III.   It is also urged as an objection to the indictment that it charges perjury on a statement made before an examining court, and does not allege whether said statement was oral or written, the law requiring testimony taken before an examining court to be reduced to writing.   This objection is, we think, not a good one.   If the false statement was oral, and not reduced to writing, it was none the less perjury because not reduced to writing.   As alleged in the indictment, the statement upon which perjury is assigned was oral, and whether such statement was reduced to writing, and if so, whether the writing is the best evidence of the said statement, are questions relating to evidence, and not to pleading, and can not be considered in passing upon the sufficiency of the indictment.

We regard the indictment in all respects as a good one, and hold that the court did not err in overruling exceptions to it.

IV.   We have carefully examined the record in this case, and have given attention to every objection made by defendant's counsel to the legality of the conviction, and, without consuming time in the discussion of all the questions presented, we will merely say that we find but one error for which the conviction should be set aside, and that is for the error of overruling defendant's motion for a new trial upon the ground that the court erred in refusing defendant's application for continuance of the cause.   This application for continuance was, no doubt, refused because, in the opinion of the trial judge, the diligence used by

defendant to obtain the testimony of the absent witness, Cole, was not sufficient. We agree with the learned judge in that view; but notwithstanding the application was defective in the showing of diligence, and that the court in passing upon it in the first instance did not err in refusing it, still, if upon the hearing of defendant's motion for a new trial it appears from the evidence adduced on the trial that the absent testimony is of a material character and probably true, the court may and should grant a new trial. (Shultz v. The State, 20 Texas Ct. App., 315; Tyler v. The State, 13 Texas Ct. App., 205.) And in such case this court will revise the ruling of the trial court where it appears that by the refusal of the continuance the defendant may have sustained injury.

It is not in every case, however, where the absent testimony is material and probably true, that this court would revise the ruling of the trial judge. It is only in a case where, from the evidence adduced on the trial, we would be impressed with the conviction, not merely that the defendant might possibly have been prejudiced in his rights by such ruling, but that it was reasonably probable that if the absent testimony had been before a jury a verdict more favorable to the defendant would have resulted.

Such a case is, we think, the one we are considering. There can be no question but that the facts expected to be proved by the witness Cole are of a material character, and, when viewed with reference to the evidence adduced on the trial, they must be considered as probably true. If the testimony of this witness, as it is set forth in the application for continuance, had been before the jury, and had been credited by the jury, it is reasonably probable, to our minds, that the defendant would not have been convicted.

It must not be overlooked, in considering this matter that the two principal State's witnesses, Lee and his daughter, had strong inducements to fasten the crime of perjury upon this defendant, for by so doing they would exculpate themselves from the charge of incest. It is also to be noted that the character of Lee, the father, for truth and veracity, was strongly impeached, several witnesses testifying that his general reputation in that respect was bad.

In view of all the facts as they appeared to the court on the hearing of the motion for a new trial, and as they appear in the record before us, we are of the opinion that the defendant

was and is entitled to a new trial, and the judgment is reversed
and the cause remanded that he may obtain and have the ben-
efit of the testimony of the absent witness Cole.

*Reversed and remanded.*

Opinion delivered May 21, 1887.