JOE KUBACAK v. THE STATE.

No. 427. Decided March 30, 1910.

Rehearing denied May 4, 1910.

**1.—Burglary—Charge of Court—Objection too General—Motion for New Trial.**

Where, upon appeal from a conviction of burglary, the objection in the motion for new trial was that the court erred, in his charge, the same was too general to be considered.

**2.—Same—Evidence—Res Gestae.**

Upon trial of burglary there was no error in admitting testimony that a trunk belonging to a third party was left locked in the burglarized house in the morning, and that the lock was found to have been broken off in the evening; it being also in evidence that the house was burglarized and certain property taken therefrom.

**3.—Same—Evidence—Want of Consent.**

Where, upon trial for burglary, the evidence showed circumstantially that some one had broken open and entered the alleged house, there was no error in permitting the State to show by the alleged owner of the house that this was done without his consent.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, it was shown that the house had been left closed by the owner and persons in charge of it in the morning of the

day of the burglary, and that it was found broken open in the evening and certain articles extracted therefrom, which were afterwards found in the defendant's possession, the conviction was sustained. Following Bartley v. State, 47 Texas Crim. Rep., 41.

Appeal from the District Court of Williamson. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was convicted of a daytime burglary, and his punishment assessed at two years confinement in the penitentiary.

Appellant made a motion for a new trial, first, on the ground that the evidence was insufficient to support the verdict; second, because of the illegal admission of testimony, and, third, because the court erred in his charge to the jury. The last ground can not be considered as the motion fails to point out in what particular the charge of the court was erroneous. Simply to say in the motion that the court erred in his charge to the jury is too general, and fails to point out in what particular the court below erred in his charge.

As to the second ground, we find in the record a bill of exceptions complaining that the court erred in permitting the State to prove by the witness Wilmena Morris that she had a trunk in the house of Martinka on the Sunday the clothing was taken from said residence, that when she left in the morning the trunk was locked, and when she returned in the evening the lock had been broken off the trunk. This testimony was clearly admissible as part of the res gestae, and was a circumstance to show that somebody had been in the house.' Martinka testified that he left his residence that morning with his wife and a couple of his children to attend a meeting some five or six miles from home, leaving at the house the witness Morris and two small children four and six years of age. When he came back that evening, about dark, he missed the suit of clothes, a razor and some rings; that the suit of clothes was left hanging up in the house. The witness Morris testified that she left the house about 9 o'clock in the morning, and returned late in the evening; that she locked the doors and put down the windows and the house was closed when she left. The razor, the rings and the suit of clothes were recovered from the defendant a week afterwards. There is no testimony in the record that the house was left open during the day. Defendant was seen within 250 yards of the house on that day. The contention is made that the testimony with reference to the breaking of the lock off the

trunk would be a separate and distinct offense from that set forth in the indictment, and for that reason was not admissible. It was clearly admissible as a circumstance connected with the burglary of the house. The court did not err in permitting the State to prove that the witness' trunk had been broken open.

Bill of exception No. 1 was taken to the action of the court in permitting the State to ask the witness Martinka the following question: "Did you give your consent for this defendant or anyone else to break open your house and get these things out of it?" To which the witness answered, "I did not." This was objected to on the ground that at the time the question was asked no testimony had been offered on the part of the State to show that the house had been broken open. This question, we think, was proper to be asked under the circumstances. The fact that a house was closed up and the windows down, and the doors closed, and that it was left in that condition in the morning, and when the parties returned in the evening they found articles gone, and found where the trunk of one of the occupants had been broken open, will show circumstantially that somebody had been in the house. They could have gone in there by raising a window and have left no marks of the entry. Somebody must have gone in the house to have gotten these articles and to have broken open the trunk.

The first ground of the motion, that the evidence is not sufficient, is not well taken. The court charged on circumstantial evidence. The jury found the defendant guilty. He was found in possession of the stolen articles. See Bartley v. State, 47 Texas Cr. Rep., 41.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied May 4, 1910.—Reporter.]