GARFIELD POLK v. THE STATE.

No. 709.   Decided October 19, 1910.

Rehearing Denied, December 7, 1910.

**1.—Burglary—Private Residence—Continuance—Want of Diligence.**

Where, upon trial of burglary, defendant's application did not show proper diligence, and showed that the absent evidence was merely cumulative, and there appeared no supporting affidavit in the motion for new trial, there was no reversible error.

**2.—Same—Bills of Exception—Practice on Appeal.**

Where the bills of exception appearing in the statement of facts were not sufficiently definite they will not be reviewed on appeal.

**3.—Same—Variance—Owner of Property.**

Upon trial of burglary of a private residence with intent to steal from the residence of a certain person alleged in the indictment, where the evidence showed that the property taken was that of the daughter of said person, the same was not a variance between the allegation and the proof.   Following Kubacak v. State, 59 Texas Crim. Rep., 165.

**4.—Same—Newly Discovered Evidence.**

Where defendant's motion for new trial vaguely and indefinitely set out the alleged newly discovered evidence, and a fuller statement thereof could have been obtained by defendant, there was no error in overruling his motion for new trial.

Appeal from the District Court of Nacogdoches.   Tried below before the Hon. James I. Perkins.

Appeal from a conviction of burglarizing a private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*V. E. Middlebrook,* for appellant.—On question of continuance and materiality of absent testimony: McKinney v. State, 41 Texas Crim. Rep., 413; Francis v. State, 44 Texas Crim. Rep., 246; Yantis v. State, 49 Texas Crim. Rep., 400.

Upon the question of ownership of property stolen and want of consent: Wisdom v. State, 42 Texas Crim. Rep., 579; Treadwell v. State, 16 Texas Crim. App., 642; Taylor v. State, 23 Texas Crim. App., 639.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 19th day of March, 1908, an indict-

ment was returned into the District Court of Nacogdoches County charging appellant with the burglary of a private residence of Mon Hill. At a trial had in said court on October 1 of last year appellant was found guilty and his punishment assessed at confinement in the penitentiary for a period of five years.

1. When the case was called for trial appellant filed his third application for continuance, based on the absence of Kate Benton and John Bryant. It may be conceded that the testimony of each of these witnesses was material. In refusing the application the court states in his explanation attached to the bill that such application on its face shows a want of diligence in this: that the then term of court convened on September 13, and the case was not called for trial until October 1, and that the witnesses had not appeared during these two weeks which had elapsed and no process had been applied for to secure their attendance. Further, that the evidence is merely cumulative, and again, that nearly four weeks had elapsed between the time of conviction and the overruling of the motion for new trial, and no effort had been made to secure either the presence of the witnesses or their affidavits in support of the motion for new trial. Under the explanation of the learned trial court it does not admit of question that his action was not only authorized, but proper in overruling the application for continuance and the motion for new trial based upon his action in respect thereto.

2. In motion for new trial reference is made to bills of exceptions Nos. 2, 3, 4, 5, and 6, but an inspection of the record discloses that no such bills are contained in it. There is in the statement of facts some exceptions taken in a general way, but these are not sufficiently definite to demand review.

3. Again, it is urged that there is a variance between the allegation in the indictment and the proof. The indictment alleges that appellant entered the house in question with intent to commit the crime of theft and with intent to steal certain personal property belonging to Mon Hill. The evidence shows that the only property that was in fact missed was a trunk belonging to Hill's daughter. We do not think the fact that where one enters a house belonging to the head of the family, that the fact that the only property which is removed from the house may belong to some other member of the family, will constitute a variance. The crime charged is not theft, but burglary. The essential and indispensable ingredients of the offense of burglary is the felonious entry, and the intent may be to commit any felony, or the crime of theft, and the mere fact that the property taken at night may happen to belong to someone else than the owner of the house and the head of the family, will not entitle such burglar to an acquittal on the ground of variance. Kubacak v. State, 59 Texas Crim. Rep., 165, 127 S. W., 836.

4. Again, a new trial was sought on the ground of certain newly discovered testimony. This motion is supported by the affidavit of

appellant, who states that he had been informed by George W. Black-
burn, ex-sheriff of Nacogdoches County, on 13th day of October, and
after conviction that he could prove by George Jones, who resides
in and near Timpson, Shelby County, that he Jones got off the train
at Caro, but that appellant did not get off the train at that place.
It should here be stated that appellant claimed that he had gotten
off the train at Nacogdoches on the evening of the day of the burglary,
whereas it was claimed by the State and testified to by one witness
that on this evening he got off the train at Caro, some few miles from
the scene of the burglary. That this testimony was unknown to
him, but that as soon as, the witness Dallas Collier testified that he,
defendant, got off the train at Caro, his counsel had the witness
George Jones called, believing that he was in the city of Nacogdoches,
but was informed that he was in the city of San Antonio, and that
he could not be reached in time to testify in the case. The appli-
cation for new trial touching this matter contains this statement:
"Defendant avers that he was informed of these facts by Geo. W.
Blackburn, ex-sheriff of this county, on the 13th day of October,
1909; that he believes the information to be true; that he believes
that the said testimony can be procured on another trial if a new
trial be awarded him. The defendant further states that the reason
that the affidavit of the informant is not attached hereto that he is
unable to secure the same from George W. Blackburn, as the in-
formant states that he does not remember what the particular con-
versation was, but that the said Geo. Jones, or Geo. Speedy, as he
is sometimes known, stated while he was in jail that the defendant
did not get off the train at Caro, Texas, but that he, George Jones,
did; that the informant only remembers that something of the above
was the conversation." It will be noticed that appellant's version
of the statement to him by Blackburn was of a vague character; that
according to his statement the memory of Mr. Blackburn was quite
vague and indefinite as to what Jones had said to him, but that
"he only remembers that *something* of the above was the conversation."
If a fuller statement from Mr. Blackburn had been desired, it was
easily possible on hearing the motion to have subpoenaed him before
the court, had him testify on the hearing, and his testimony could
have been incorporated in the record so we might intelligently have
passed on the matter. As presented, we do not think the court below
was required to grant a new trial, and it seems evident to us that we
would be wholly without warrant in reversing the judgment of con-
viction for his failure so to do.

5. There are no other questions raised in the record that require
attention.

Finding no error in the proceedings of the court below, it is ordered
that the judgment be affirmed.

*Affirmed.*

[Rehearing denied December 7, 1910.—Reporter.]