1. CRIMINAL LAW ⟾1090(14) — APPEAL — STATEMENT OF FACTS—NECESSITY.

A bill of exceptions complaining of the court's charge presents nothing for review, where there was no statement of facts showing the evidence upon which the charge was based.

2. CRIMINAL LAW ⟾1090(8)—APPEAL—EXCEPTIONS, BILL OF—NECESSITY.

Under Code Cr. Proc. 1911, art. 744, declaring that on the trial of any criminal action the defendant by himself or counsel may tender his bill of exceptions to any decision, opinion, order, or charge of the court, the admission of evidence cannot be reviewed where the point is not presented by bill of exceptions.

3. CRIMINAL LAW ⟾1090(16)—NEW TRIAL—DENIAL—PROPRIETY.

In the absence of a statement of facts showing the evidence, the denial of a motion for new trial based on the theory that the jury received evidence after its retirement and considered the same *held* not to show an abuse of discretion.

4. LARCENY ⟾51(1)—EVIDENCE — ADMISSIBILITY.

Proof that accused was in possession of property at any time after it was stolen may be considered by the jury on the question of his guilt.

Appeal from Eastland County Court; Joe Burkett, Judge.

Lee Pritchard was convicted of misdemeanor theft, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was convicted of a misdemeanor theft under $50.

[1] We find no statement of facts, and are therefore not apprised of the evidence. The only bill of exceptions found complains of the court's charge, and, in the absence of knowledge of the facts, we are unable to determine that there was error in submitting the issues. Vernon's C. C. P. art. 844, p. 812, note 5, and cases cited.

[2] The motion for new trial refers to some evidence which it is claimed was inadmissible. In the absence of bill of exceptions, this matter is not before us for review. C. C. P. art. 744; Vernon's C. C. P. p. 527, notes 1 and 2, and cases cited.

[3, 4] In the motion for new trial is an allegation that the jury in their retirement discussed the fact that appellant was in possession of the alleged stolen property and failed to explain such possession. This is supported by an affidavit of one of the jurors, and there is an allegation in the motion that this discussion was not based upon evidence introduced on the trial, referring for a verification thereof to the statement of facts. A statement of facts, as above stated, is not before us. The motion states that:

"There is no affirmative evidence in the record showing that appellant was in possession of the property at the time he was arrested."

If there was proof that he was in possession of it at any time after it was stolen, such possession would have been a lawful subject for consideration by the jury. As presented, we are unable to reach the conclusion that the jury received evidence in its retirement. The court's order overruling the motion imports a finding to the contrary. The record shows no abusive discretion in overruling the motion.

The judgment of the lower court is affirmed.

ALEXANDER v. STATE.   (No. 4619.)

(Court of Criminal Appeals of Texas. Oct. 24, 1917. On Motion for Rehearing, Dec. 12, 1917.)

1. CRIMINAL LAW ⟾594(3)—CONTINUANCE—ABSENCE OF WITNESS — PROBABILITY OF SECURING TESTIMONY.

There was no abuse of discretion in overruling an application for a continuance because of the absence of a witness, when there was no probability of securing her personal attendance and ample opportunity to secure her testimony by other means had been afforded and declined.

2. CRIMINAL LAW ⟾372(7)—ISSUES, PROOF, AND VARIANCE.

On a trial for incest, defendant denied the alleged intercourse, and by cross-examination of the prosecutrix and other witnesses endeavored to discredit her testimony and her motives in giving it. She was 14 years old and was unable to testify to an act of intercourse specifically coinciding with the date charged in the indictment, but testified to a series of acts covering about one year, and coming up, approximately, to the date charged. *Held*, that the court did not err in refusing to exclude evidence of acts of intercourse on dates other than that charged.

3. CRIMINAL LAW ⟾1086(14), 1090(8)—RECORD—BILL OF EXCEPTIONS—NECESSITY.

Under Vernon's Ann. Code Cr. Proc. 1916, art. 744, providing that defendant may tender his bill of exceptions to any decision or other proceedings on the trial, and that the judge shall sign such bill of exceptions in order that such decision, etc., may be revised on appeal, the admission of evidence is not before the Court of Criminal Appeals for review in the absence of a bill of exceptions showing that it was introduced.

4. CRIMINAL LAW ⟾1092(12, 13) — BILL OF EXCEPTIONS—NECESSITY OF APPROVAL.

A bill of exceptions prepared by defendant but not approved by the trial judge or verified by bystanders cannot be considered.

5. CRIMINAL LAW ⟾728(5)—IMPROPER ARGUMENT—NECESSITY OF REQUEST FOR SPECIAL CHARGE.

On a trial for incest with defendant's daughter, the district attorney in his closing argument stated that defendant after the death of his wife became a wild demon, that this was a case that deserved bitterness, that the more he talked with the prosecuting witness the more he was impressed with her truth, and that defendant never tried to find the author of his daughter's shame, and he also called the jury's attention to "that satanic grin and laugh on his face." *Held*, that this argument was not of such a grave character that it could not have been cured by withdrawal in a special charge, and, if defendant deemed the remarks improper, he should have requested a special charge withdrawing them.

6. CRIMINAL LAW ⟾719(3)—IMPROPER ARGUMENT—GIVING TESTIMONY.

The argument with reference to counsel's impression concerning the truthfulness of the prose-

cuting witness was not within the rule inhibiting the prosecuting attorney from giving testimony in his argument.

### On Motion for Rehearing.

7. CRIMINAL LAW ⚖═913(3) — GROUNDS FOR NEW TRIAL—ABSENCE OF WITNESS.

Where the application for a continuance to obtain absent testimony is properly overruled for want of diligence, a motion for a new trial should only be granted because of the absence of such testimony where a conviction arises from the evidence that it is reasonably probable that a more favorable verdict would have resulted.

8. CRIMINAL LAW ⚖═956(5) — MOTION FOR NEW TRIAL—SUPPORTING AFFIDAVITS.

The failure to attach, to a motion for a new trial because of the absence of a witness, the supporting affidavit or evidence of such witness, does not absolve the court from the duty of considering the motion if otherwise regular, but bears upon the question whether the trial court committed error requiring a reversal in refusing to grant the motion.

9. CRIMINAL LAW ⚖═958(4)—DENIAL OF MOTION FOR NEW TRIAL—DISCRETION.

In a prosecution for incest with defendant's daughter, the application for a continuance stated that an absent witness would testify that the prosecuting witness had asked him to procure poison in order that she might administer it to defendant, her father, so as to be free to have a good time. The motion for a new trial showed that the witness would not testify to such request by the prosecuting witness, but would testify to such a request by her sister between whom and the prosecuting witness defendant claimed there was a conspiracy. *Held* that, as this testimony was not mentioned in the application for a continuance, it could be considered only as newly discovered evidence, and the failure to support the motion by the affidavit or sworn statement of the absent witness, or to satisfactorily account for the absence of such affidavit or statement, precluded a review of the overruling of the motion.

10. CRIMINAL LAW ⚖═944—DISCRETION—DENIAL OF MOTION FOR NEW TRIAL.

To require the Court of Criminal Appeals to review the action of the trial court in refusing a new trial for newly discovered evidence, it must appear that the evidence is probably true.

11. CRIMINAL LAW ⚖═507(2)—TESTIMONY OF "ACCOMPLICE."

On a trial for incest with defendant's daughter, another daughter who knew of the crime and failed to disclose it was not an "accomplice."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accomplice.]

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

H. F. Alexander was convicted of an offense, and he appeals. Affirmed.

R. B. Truly and T. T. Crosson, both of Ballinger, and J. P. Cogdell, of Winters, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This is a conviction for incest, with punishment fixed at confinement in the penitentiary for a period of 10 years.

[1] The other party to the transaction, as charged in the indictment, is Docia Alexander, a daughter of appellant. Her testimony, with corroboration, supports the verdict. No abuse of discretion is shown in overruling appellant's application for a continuance. It appeared from the court's qualification that there was no probability of securing the personal attendance of one of the witnesses, and that ample opportunity to procure her testimony by other means had been afforded and declined, and that the other absent witness was present at the hearing of the motion for new trial and was not called upon to verify the truth of the allegations in the motion for a continuance as to his testimony. Hunter v. State, 59 Tex. Cr. R. 439, 129 S. W. 125; Lane v. State, 59 Tex. Cr. R. 595, 129 S. W. 353; Vernon's C. C. P., p. 320, note 32, and cases cited, also, page 322. In the application for continuance the testimony of the absent witness Dameron was to the effect that the prosecuting witness Docia had asked him to procure poison that she might administer it to her father so that she might be free to have a good time with boys. In the motion for new trial it is shown that the witness would not have given the testimony as to the poison as to Docia, but would have given it as to her sister, who was a witness in the case. The evidence sought, as was the other testimony of Dameron, if admissible, was impeaching in its nature, the absence of which, under the decisions of this court, does not demand a new trial. Michie, Cr. Digest, vol. 2, p. 87, cases listed; Vernon's C. C. P. p. 317, note 25, cases listed.

[2] One of appellant's complaints is based upon the refusal of the court to exclude evidence of acts of intercourse other than that on the date named in the indictment. The question of law thus abstractly presented has long been a subject upon which there has been a diversity of opinion expressed in the decisions of this court and the dissenting opinions of its judges. Illustrative are Clifton v. State, 46 Tex. Cr. R. 21, 81 S. W. 723, 66 L. R. A. 727, 108 Am. St. Rep. 1035, Gillespie v. State, 49 Tex. Cr. R. 531, 93 S. W. 556, Skidmore v. State, 57 Tex. Cr. R. 497, 123 S. W. 1129, 26 L. R. A. (N. S.) 466, and Pridemore v. State, 59 Tex. Cr. R. 564, 129 S. W. 1112, 29 L. R. A. (N. S.) 858, excluding such evidence, and Burnett v. State, 32 Tex. Cr. R. 86, 22 S. W. 47, Williamson v. State, 72 Tex. Cr. R. 618, 163 S. W. 435, Van Smith v. State, 64 Tex. Cr. R. 454, 142 S. W. 1173, Cain v. State, 68 Tex. Cr. R. 507, 153 S. W. 147, and Vickers v. State, 75 Tex. Cr. R. 12, 169 S. W. 669, declaring it proper. Without an extended review of the subject, the writer is of the opinion that the receipt or rejection of such evidence is to be determined by the facts of the case in hand, and that it often becomes admissible as tending to solve a controverted issue. Appellant stoutly denied the intercourse with his daughter, and by cross-examination of her and other witnesses for the state endeavored to discredit her testimony and her motives for giving it. She was 14 years of age. She was unable to tes-

tify to an act of intercourse specifically coinciding with the date charged in the indictment. She testified to a series of acts of intercourse with appellant covering a period of about a year preceding the date related in the indictment and coming up approximately thereto. In some of this she was corroborated by her sister about a year older than she. The exact occasion upon which the offense was committed was the subject of controversy, and the fact of intercourse at all was sharply in issue. We think the evidence admitted was relevant, under the circumstances to aid in solving these issues.

There are no exceptions to the court's charge, though some special charges were requested. One of these involves the proposition that the sister of Docia Alexander became an accomplice by reason of her knowledge of the intercourse between her father and her sister and her failure to remonstrate or disclose it. The daughters of appellant were, respectively, 14 and 15 years of age. Their mother was dead. They were members of their father's household and under his control. We do not think the fact that the sister had knowledge of the transaction, under the circumstances, made her an accomplice, or raised that issue. Noftsinger v. State, 7 Tex. App. 324; Branch's Crim. Law, § 319, and cases listed. The other charges requested are covered by the main charge in so far as they related to the evidence. The bill presenting the charges is quite indefinite, simply stating the charges, numbers 1 to 5, inclusive, were presented in due time and refused by the court and the exceptions taken. None of the charges are set out in the bill, either in tenor or effect, nor are there reasons assigned showing their applicability to the case. C. C. P. art. 743; Vernon's Cr. Statutes, vol. 2, p. 521, note 57, and cases cited. We have read them in connection with the other parts of the record and reached the conclusion that, if more definitely presented, our views as to the disposition of the case would not be affected thereby.

[3, 4] Appellant suggests in his brief that there was evidence of acts of intercourse between appellant and the sister of Docia Alexander; that, while this testimony was withdrawn, it was of such damaging character that its withdrawal did not cure the error in its introduction. If it was shown that such evidence was introduced over appellant's objection, we would regard it as very serious. In the absence of bill of exceptions, however, showing that it was introduced and that appellant objected to it, the subject is not brought before this court for review. C. C. P. art. 744; Vernon's C. C. P. p. 554, and cases cited. There is copied into the record a bill of exceptions prepared by appellant; but the judge refused to approve it, and the appellant failed to verify the facts by bystanders. The law precludes the consideration of the matter.

[5, 6] The district attorney, in his argument closing the case, declared that:

"Defendant after the death of his wife became a wild demon. * * * This is a case that deserves bitterness."

The following quotation from the bill is taken:

"Then stating with reference to his talk and conversations with witness Docia: 'The more I talk with her, the more I am impressed with her truth. * * * Defendant never did try to find the author of Docia's shame. * * * Look at that satanic grin and laugh on his face.'"

Without approving the terms selected by the district attorney in the argument mentioned, and considering alone the question of law involved in the bill, we think that, viewed in the light of the previous opinions of this court, particularly that of Morris v. State, 39 Tex. Cr. R. 371, 46 S. W. 253, Turner v. State, 61 Tex. Cr. R. 97, 133 S. W. 1052, Kemper v. State, 63 Tex. Cr. R. 32, 138 S. W. 1025, and other cases cited by Mr. Branch in his An. P. C. pp. 205, 206, reversible error is not disclosed. The court in qualifying the bill states that the reference to the grin and laugh was provoked by the defendant laughing during the argument, which seems to bring that part within the rule of invited argument. See Branch's An. P. C. p. 205, § 363, and cases cited. We do not think that the argument with reference to his impressions of the witness Docia comes within the rule which inhibits the prosecuting attorney from his argument. We are of opinion that the bill does not show conduct of so grave a character as to obviously show injury and prejudice against the appellant, such as could not be cured by withdrawal in a special charge. The remarks were such that if he deemed them improper he could, in a special charge, have sought their withdrawal. Branch's An. P. C. p. 204, § 362, and cases cited.

Counsel, in a brief displaying commendable and exhaustive research, have presented the matters discussed and others in the record. After a careful examination of them, we are constrained to believe that the record does not disclose that appellant's trial was unfair, or that there was departure from the procedure provided by law to protect his rights.

It is therefore ordered that the judgment of the lower court be affirmed.

## On Motion for Rehearing.

In view of appellant's earnest contention that the motion for new trial, based upon the action of the trial court in overruling the application for a continuance, should have been granted, we have carefully reviewed the matter.

The motion for continuance contained the allegation that Dameron, a witness named therein, would testify that Docia Alexander, the daughter of appellant with whom the incest is charged to have taken place, had asked the witness to procure poison that she might administer it to her father. On the

motion for new trial, appellant set up the fact that in attributing this statement to Docia Alexander he was in error, but that the witness would give such testimony with reference to May, the sister of Docia Alexander. The record shows that May Alexander was an important witness corroborating Docia, and that appellant, by his conduct at the trial, endeavors to show through circumstances conspiracy between the two girls against him pursuant to which they gave damaging testimony. Appellant was tried March 22d. His motion for new trial was overruled April 4th, at which time the witness Dameron was present. He was not offered as a witness to verify the allegations in the motion for new trial, nor did any affidavit from him accompany it.

[7, 8] There are instances in which a motion for new trial should be granted because of absent testimony, though the application for a continuance to obtain it was properly overruled for want of diligence. Branch's An. P. C. p. 188, § 319, and cases cited; Casinova v. State, 12 Tex. App. 554; Baxter v. State, 68 Tex. Cr. R. 136, 150 S. W. 912. These instances are those only in which from the evidence adduced on the trial the appellate court is impressed with the conviction, not merely that the appellant might have been prejudiced, but that it is reasonably probable that a more favorable verdict would have resulted. Covey v. State, 23 Tex. App. 391, 5 S. W. 283; Fuller v. State, 69 Tex. Cr. R. 534, 154 S. W. 1021; Branch's An. P. C. p. 188, § 319, and cases cited; also, page 128, § 201. The failure to attach to the motion for new trial the supporting affidavit or evidence of the absent witness does not absolve the court from the duty of considering the motion, otherwise regular; but it does bear upon the question presented on appeal as to whether in refusing to grant the motion the trial court committed an error requiring reversal. Sharp v. State, 71 Tex. Cr. R. 640, 160 S. W. 369; Polk v. State, 60 Tex. Cr. R. 462, 132 S. W. 134; Davis v. State, 64 Tex. Cr. R. 8, 141 S. W. 264; McMillan v. State, 66 Tex. Cr. R. 288, 146 S. W. 1190; Browning v. State, 26 Tex. App. 432, 9 S. W. 770; Vernon's C. C. P. p. 321, and cases cited; Hinman v. State, 59 Tex. Cr. R. 29, 127 S. W. 221; Singleton v. State, 57 Tex. Cr. R. 560, 124 S. W. 92.

[9] When the application for a continuance was presented, it was urged on the proposition that the absent witness Dameron would, if present, testify to a conversation with the injured party, Docia Alexander. As presented on the motion for new trial, it appeared that the absent witness would not testify to the alleged statement made by Docia Alexander, but that he would testify to a statement made by her sister, May Alexander. As arising on the motion for new trial, the testimony of the absent witness could not bear upon the abuse of discretion of the trial court in overruling the motion for a

continuance, for the reason that the proposed testimony was not in the application for continuance at all. On the motion for new trial the testimony of the absent witness could be considered only as coming within the principle of newly discovered evidence. In other words, the motion for new trial was sought on the ground that Dameron, who was not present at the trial, would testify to a statement alleged to have been made by May Alexander, and that the fact that he would give such testimony had been learned since the trial. Applying the rules applicable to a motion for new trial on account of newly discovered evidence, it will be found that the decisions of this court are uniform to the effect that, if the motion is not supported by the affidavit or sworn statement of the absent witness, or the absence thereof satisfactorily accounted for, the action of the trial court in overruling the motion cannot be reviewed. Stallworth v. State, 66 Tex. Cr. R. 428, 147 S. W. 238; Burrell v. State, 62 Tex. Cr. R. 635, 138 S. W. 707; Polk v. State, 60 Tex. Cr. R. 462, 132 S. W. 134; Martin v. State, 57 Tex. Cr. R. 595, 124 S. W. 681; Laird v. State, 69 Tex. Cr. R. 553, 155 S. W. 260; Williams v. State, 65 Tex. Cr. R. 193, 144 S. W. 622; Bracher v. State, 72 Tex. Cr. R. 198, 161 S. W. 124; West v. State, 2 Tex. App. 210; Blake v. State, 3 Tex. App. 581, and other cases cited in Vernon's C. C. P. p. 806, note 13; also, under article 837, C. C. P. subdiv. 6, cases cited in Vernon's Crim. Stats. vol. 2, pp. 778–785.

[10] One of the elements essential to require this court to review the action of the trial court in refusing a new trial on account of newly discovered evidence is that it must appear that the evidence is probably true. Gass v. State, 56 S. W. 76; Smith v. State, 28 Tex. App. 309, 12 S. W. 1104; Kirksey v. State, 61 Tex. Cr. R. 641, 135 S. W. 577, and numerous cases cited in Vernon's C. C. P. p. 786, note 11. The trial court in this case might have reached a conclusion on the motion for new trial favorable to the appellant if the motion had been supported by the affidavit or evidence of Dameron, and the failure to so support the motion when he was present in court probably influenced the judgment of the trial court in determining whether the evidence was probably true. We would not, in view of these authorities, be justified in disturbing the finding of the trial court, even though the proffered testimony be not classified as impeaching evidence.

[11] Another matter stressed in the motion for new trial is the contention that May Alexander was an accomplice and that her testimony should have been weighed by the jury under instructions by the court as accomplice testimony. This is based upon the proposition that May Alexander knew of the crime and failed to disclose it. According to the rule applied in this court, she was not an accomplice. Noftsinger v. State, 7 Tex

App. 324; Schakey v. State, 41 Tex. Cr. R. 255, 53 S. W. 878; Elizando v. State, 31 Tex. Cr. R. 243, 20 S. W. 560; Webb v. State, 60 S. W. 961; Floyd v. State, 29 Tex. Cr. R. 356; Smith v. State, 23 Tex. App. 364, 5 S. W. 219, 59 Am. Rep. 773; Rucker v. State, 7 Tex. App. 564.

In view of these authorities, we are constrained to overrule the motion for rehearing.