### FLOYD VANCE v. THE STATE.

#### No. 7568.   Decided March 21, 1923.

**Burglary—Sufficiency of the Evidence—Recent Possession.**

Where, upon trial of burglary, the recently stolen property was found in possession of defendant without satisfactorily explanation to the jury, the conviction was sustained. Following Taylor v. State, 52 Texas Crim. Rep., 190, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable R. B. Seay.

Appeal from a conviction of burglary; penalty, two years in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of two years.

Tom White was named as the owner. He was manager of the Norwalk Tire & Rubber Company, which company handled Norwalk Tires and Tubes. From his testimony it appears that about the 14th of July,

there was discovered indications that a so-called man-hole, about two feet square, in the roof of the building had been opened. An inventory of the stock developed an absence of forty-three tires. According to the inventory, the witness said that the sizes of the missing tires were all the way from 30 x 3 to 34 x 4. No further description of the tires was given. White testified that he recovered twenty-two tires. These he got from an officer whom he did not name.

The witness Newman testified that he bought two tires from the appellant; that appellant told him at the time that they were not stolen; that these tires were 30 x 3 1/3; that he thought they were Norwalk tires.

Roberts, a detective, testified that he recovered from the house of one, Earl Hays, six Norwalk tires, size 34 x 6; that these he obtained from the information received from the appellant; that upon the same information he received two tires from Frank Mantassi and four from Frank Musso; that he also received two tires from Newman, though not from the information received from the appellant. These were all Norwalk tires and were identified by White as his property. The witness Dominick testified that the tires which the officer obtained from him were bought from the appellant. Musso testified to the same effect.

We are of the opinion that the contention made by the appellant that the evidence does not support the verdict cannot be sustained. The burglary was sufficiently proved by the witness White. He described the condition of the man-hole, and the circumstances revealed that the cover had been removed and that something had been drawn through the hole. From his testimony the loss is also revealed though the description of it is not definite. It does appear, however, that the property obtained from the appellant was identified by White as that which had been taken from the building. This apparently satisfies the rule that where the burglary is proved by other testimony, the unexplained possession of the stolen property by the accused is sufficient to support the conviction. Numerous authorities announcing and applying this rule are collated by Mr. Branch in his Ann. Tex. P. C., Sec. 2346. Among them are Ross v. State, 16 Texas Crim. App., 559; Brown v. State, 56 Texas Crim. Rep., 87; Bartley v. State, 47 Texas Crim. Rep., 45; Taylor v. State, 52 Texas Crim. Rep., 190. There was no explanation of appellant's possession of the recovered tires.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*