### W. T. Baxter v. The State.

#### No. 1995.  Decided November 6, 1912.

**Theft—Continuance—Motion for New Trial.**

Where, upon conviction of theft, defendant attached to his motion for new trial the affidavit of the absent witnesses for which he had asked a continuance, and the testimony of said witnesses was material and probably true, the application for continuance should have been granted, although the diligence may not have been all the law required.

Appeal from the District Court of Nacogdoches.  Tried below before the Hon. James I. Perkins.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, Judge.—In this case appellant was prosecuted and convicted, charged with theft and his punishment assessed at two years confinement in the penitentiary.

In this case, when this case was called for trial, appellant filed an application for continuance, on account of the absence of Emmett Munsell and John H. Richardson.  In this case the record would disclose that appellant, Munsell, Richardson and Hamilton were members of the Lufkin baseball team, and were at Nacogdoches playing a series of games of ball.  On the afternoon of the second game, Hamilton, while dressing, placed his pantaloons on a chair with his purse therein.  He was called from the room, being absent some ten or fifteen minutes, and when he returned, missed his purse.  He reported the matter to the proprietor of the hotel and to Sheriff Spradley.  Sheriff Spradley had his suspicions aroused as to certain members of the team, and when the team went to leave Nacogdoches, he called appellant to one side, and charged him with taking the money.  Appellant confessed, or admitted he had taken the money and the money was found in pursuance of appellant's statements.  Appellant testified, admitting he took the money, but said it was customary among the members of the club to take the property of each other as

a practical joke, and later return the property. He stated he went in Hamilton's room and the purse had fallen on the floor; that he took it intending to play a joke on Hamilton, carried it to the ball ground with him, and told the witness Munsdell and Richardson about getting Hamilton's purse and money, and was playing a joke on him, and that he intended to return it after having some fun out of Hamilton. That after returning from the ball grounds, he learned that the sheriff was searching for the money, and being a stranger in Nacogdoches, he became afraid to own up and hid the money. Subsequently he had sent it to his home in Tyler, intending when he got away from Nacogdoches and got back to his home to return the money to Hamilton. If his statements were true, he would not be guilty of theft. If the State's theory of the case is true, appellant would be guilty, and there are circumstances in the case tending to show the State's theory as the correct one. However, on the motion for new trial, appellant attaches thereto the affidavit of Munsell and Richardson; and Munsell swears that appellant told him just before the game of baseball, "that he had found Hamilton's pocketbook on the floor in his room and had picked it up for fear that he might lose it, and that he intended to have some fun out of Hamilton by playing a joke on him, for the purpose of making him believe that he had in fact lost the money, and that after having such fun he intended to return the same to him." Richardson swears that "affiant had been playing with said Lufkin team for about three or four weeks during which time the said Hamilton and said Baxter were members of said team, and that on the 21st day of August, 1909, the Lufkin baseball team was in the town of Nacogdoches, engaged in playing a series of games with the Nacogdoches baseball team, and that while in said town affiant, L. A. Hamilton, W. T. Baxter, and the other parties of said team stopped at what is known as the Red Land Hotel; affiant further says that it was not uncommon for one member of the team to take property, such as watches or money from other members of the team in playing a practical joke. That affiant played in the game during the afternoon of August 21, and that L. A. Hamilton caught the game and W. T. Baxter pitched the greater portion of the game. Affiant further says that after going to the ball grounds that afternoon, and just before the game began, or some time while it was in progress, he heard W. T. Baxter state to two or three of the players, affiant being present at the time, that he had found 'Hamp's' pocketbook on the floor in his room, and that he had taken the same and then had it and expected to have some fun with Hamp by playing a practical joke on him in making him believe that he had in fact lost his pocketbook and money. and that after having some fun he intended to return the same."

This testimony would support the testimony of appellant, and if true he might and probably was indiscreet, but he was guilty of no criminal offense. While the diligence in this case may not be all the law requires, yet, his showing, on account of this lack of diligence

is one that appeals strongly to our sense of what probably would occur with one who had been sick and in a sanitarium. Especially is this true, as the record discloses, as soon as he arrived at Nacogdoches he spared neither time nor money in an effort to secure the attendance of these witnesses, and sent telegrams two days before the case was called for trial in an effort to secure their attendance. Both witnesses state they will attend the court, and would have done so on this trial, had appellant been able to reach them in time, and their absence was caused by appellant being sick and in a sanitarium at a former term of the court, and they had not learned he had recovered and was able to attend court.

In passing on an application for a continuance, in the light of the evidence on the trial, if the testimony of the absent witness is shown to be such that it might have produced a different result, a new trial should be granted, if it is probably true. This court has frequently held the correct rule to be that even though all the diligence required by law is not used, if on the motion for new trial, it appears that the testimony is material and only probably true, a new trial should be granted. Mitchell v. The State, 36 Texas Crim. Rep., 278; Hammond v. The State, 28 Texas Crim. App., 413; McCline v. The State, 25 Texas Crim. App., 247; Tyler v. The State, 13 Texas Crim. App., 205, and cases cited in subdivision 2 of section 642, White's Code Criminal Procedure. In this case we can not say this testimony is not probably true, and in the light of the record and the affidavits of the witnesses, we think under the circumstances, a new trial should have been granted.

We do not deem it necessary to discuss the other assignments, but on account of the above error this case is reversed and remanded.

*Reversed and remanded.*