## LEE LAIRD v. STATE.

### No. 2219.  Decided March 12, 1913.

### Rehearing denied April 2, 1913.

**1.—Disturbing Religious Worship—Charge of Court—Willful.**

Where, upon trial of unlawfully and willfully disturbing a congregation assembled for religious worship, the charge of the court, although inaptly worded, sufficiently informed the jury that the act of the defendant must have been willfully done, there was no error.

**2.—Same—Charge of Court—Words and Phrases.**

Upon trial of unlawfully and willfully disturbing religious worship, there was no error on the ground that the information used the words "religious worship" and the charge of the court, the words, "religious purposes." Following Yarborough v. State, 19 Texas, 162.

**3.—Same—Requested Charge—Immaterial Matter.**

Where, upon trial of unlawfully and willfully disturbing religious worship, the evidence showed that defendant was one of the men who rode by the church window and threw a jug through the window, it was immaterial whether he rode a horse, a mule, or was walking, and there was no error in the court's failure to submit a requested charge that if defendant was riding a mule, to acquit him.

**4.—Same—Requested Charge—Congregation—Religious Worship.**

Where people had gathered at a church for religious worship, and it afterwards turned out that the minister had not undertaken to hold such worship, they were, nevertheless, protected under the law from an unlawful and willful disturbance. Following Yarborough v. State, 19 Texas, 162.

**5.—Same—Requested Charge—Knowledge of Defendant.**

Where the evidence showed that defendant, who was charged with throwing a jug through a church window, had knowledge that people were assembled there for the purpose of religious worship, there was no error in refusing a requested charge that if defendant had no notice that people were having religious services there to acquit him.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully and willfully disturbing religious worship, the evidence sustained the conviction, there was no error.

**7.—Same—Newly Discovered Evidence—Affidavit.**

Where the alleged newly discovered evidence was not of that character which authorized a new trial and the motion was not supported by affidavit, there was no error.

**8.—Same—Evidence—Practice on Appeal.**

Where, upon appeal it is shown by the record that the testimony objected to was excluded, there was nothing to review on that ground.

**9.—Same—Charge of Court—Circumstantial Evidence—Juxtaposition.**

Where criminative facts established are in such close juxtaposition to the main facts as to make them almost equivalent to direct testimony, the court is not required to charge on circumstantial evidence.

Appeal from the County Court of Tyler.  Tried below before the Hon. R. A. Shivers.

Appeal from a conviction of unlawfully and willfully disturbing religious worship; penalty, a fine of $25.

The opinion states the case.

*Joe. W. Thomas,* for appellant.—On question of other party committing offense:  Hall v. State, 153 S. W. Rep., 902.

On question of the court's charge on the word willfully:  Harvey v. State, 44 S. W. Rep., 151; Prucell v. State, 19 S. W. Rep., 605; Green v. State, 56 S. W. Rep., 915; Wood v. State, 16 Texas Crim. App., 574.

On question of court's refusal of requested charge:  Meuly v. State, 26 Texas Crim. App., 274; Jones v. State, 33 Texas Crim. Rep., 492; Clay v. State, 65 Texas Crim. Rep., 402, 144 S. W. Rep., 280.

On question of circumstantial evidence:  Hyden v. State, 31 Texas Crim. Rep., 401; Robertson v. State, 33 id., 366.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, Judge.—Appellant was convicted in the County Court of Tyler County, of unlawfully and willfully disturbing a congregation assembled for religious worship, and his punishment was assessed at a fine of $25.

The evidence is undisputed that some six or seven parties had assembled at the Cherokee Methodist Church in Tyler County for the purpose of attending preaching, but that there was no preaching there that night; that they assembled there thinking that there would be, but that they were laboring under a misapprehension.  Several of the witnesses testify that they saw appellant and Bob Haynes just before the jug was thrown in the window of the church; that they were riding by and came within four feet of the window.

Appellant makes several objections to the charge of the court, also insisting that the evidence was insufficient, that a new trial should have been granted on the ground of newly discovered testimony, and that certain testimony was improperly admitted in evidence.

Appellant insists that the court erred in refusing to give his special charge No. 3, instructing the jury as to what is meant by "willful." It is also contended that the court erred in failing to instruct the jury that the act must have been "willfully" done, etc.  The court instructed the jury that "if you believe beyond a reasonable doubt that the defendant *committed the offense* or acted in conjunction with Bob Haynes *in committing the offense,* you will find him guilty, etc." However, at the beginning of his charge, the court instructs the jury that the defendant is charged "with the offense of disturbing a congregation then and there assembled for religious worship by unlawfully and *willfully* throwing a jug through the window, etc."  And then proceeds to charge the jury as to the meaning of *willful* in the following language:  "You are charged that by the term willful, is meant with willful intent or without reasonable grounds to believe the act to be lawful."  From the above it will be seen that the law requires, and the information charges, that the disturbing of the congregation be willfully done.  The court instructs the jury that the defendant stands charged with unlawfully disturbing a congregation by willfully

throwing a jug in at a window. To say one disturbed a congregation by unlawfully and willfully throwing a jug in at a window and that he unlawfully and willfully disturbed a congregation by throwing a jug in at a window, mean practically the same. The throwing of the jug in at the window was the means used to disturb the congregation, and if the throwing was willfully done, the disturbing of the congregation was consequently willfully done. The charge may be inaptly worded but it sufficiently informed the jury that the act must have been willfully done.

Appellant complains of the charge of the court in this, towit: the information alleges the congregation had assembled for religious *worship,* while the charge uses the words "religious purposes." The objection to this charge is not definite enough to require the review of this court, but should we do so, this variance is immaterial. In Yarborough v. State, 19 Texas 162, it was held that the allegation that the congregation "were attending a protracted or other religious meeting" was equivalent to an allegation that they were assembled for religious worship.

Appellant insists that the court erred in refusing his special charge to the effect that if the jury find that the parties, or either of them, who threw the jug in at the window, etc., was riding a mule, to find the defendant not guilty. The information does not allege that the parties who committed the offense were riding horses, or that they were riding at all, but simply alleges they unlawfully and willfully disturbed the congregation, etc., by throwing a jug through the window. Most of the witnesses testified that they were riding horses, but some of them testified that one was riding a horse and the other a mule. Whether appellant was riding a horse or mule, or was walking, would make no difference, and it would have been improper to predicate his conviction upon whether or not he was riding a horse. Mrs. Lillian Davis positively identifies him as one of the men who rode by the window when the jug was thrown.

Appellant next insists that the court erred in refusing his special charge instructing the jury what constituted a congregation assembled for religious worship, and submitting the issue as to whether or not the congregation in question was such. The evidence shows that it had been rumored around in the neighborhood that there would be preaching at this particular church that night, but that the rumor was a false one and the preacher undertook to correct it. However, those who gathered at the church had never heard the rumor corrected and were under the impression that there would be preaching, and went to the church to attend divine services. In Yarbrough v. State, 19 Texas, 162, it was held, "* * * it was not necessary to charge that the congregation was engaged at the time in any religious service or ceremony, or had commenced such service or ceremony at the time of the disturbance; it was sufficient to charge that the congregation was assembled for religious worship * * *"

The next assignment insists that the court erred in refusing appellant's special charge to the effect that if the jury find that the church was not lighted and no services was going on and nothing to put the parties who threw the jug in at the window on notice that they were having religious services there, then to find him not guilty. The evidence would clearly indicate that appellant, if he threw the jug, knew that these people were assembled there, and the purpose for which they had gathered; therefore the court did not err in refusing the charge.

It is next insisted that the evidence was insufficient. There is no merit in this contention. The evidence was amply sufficient upon which to base a verdict of guilty. Mrs. Davis testified: "I was at the Cherokee Methodist Church in Tyler County, Texas, on the Saturday night, November 3rd, 1911, when the jug was thrown through the window. I know who did it, the parties were Lee Laird, defendant, and Bob Haynes, for I saw them within about four feet of that window in which the jug was thrown. I recognized them both and knew them. They were riding, Bob Haynes was riding Lee Laird's grey horse and Lee Laird was riding Bob Haynes' sorrel horse with white stocking feet. They came up riding fast, passed by and afterwards returned. I was standing on the ground at the east end by the steps. This occurred in Tyler County, Texas, on the night of November 3rd, 1911; we were congregated there for the purpose of attending preaching."

It is also insisted that the court erred in not granting appellant a new trial on account of certain newly discovered evidence. This newly discovered evidence was not of that nature to authorize a new trial. Besides, there is no proof as to the newly discovered testimony and no reason stated why affidavits were not procured. See Section 1149 White's Code of Criminal Procedure, subdivision 10.

It is also insisted that the court erred in admitting certain evidence of Arthur Barnes that he "took the horses to be Bob Haynes' and Lee Laird's." This testimony was excluded by the court, and the jury instructed not to consider it.

The only remaining assignment is that the court erred in not charging on circumstantial evidence. While no one testified that they saw the appellant or any one throw the jug in at the window, still several of the witnesses testified that they saw the appellant and Haynes within four feet of the window riding by, just at the time the jug was thrown in at the window. Under this state of facts, it was not necessary to charge on circumstantial evidence. Where criminative facts established are in such close juxtaposition to the main fact as to make them almost equivalent to direct testimony, the court is not required to charge on circumstantial evidence. See White's Code Criminal Procedure, Sec. 813, sub-division 3 for authorities.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 2, 1913.—Reporter.]