### H. F. ALEXANDER v. THE STATE.

No. 4619.   Decided October 24, 1917.

Rehearing denied December 12, 1917.

#### 1.—Incest—Continuance—Motion for New Trial.

Where it appeared from the record that there was no probability of securing the personal attendance of one of the witnesses, etc., and that the other absent witness was present, but was not called to verify the truth of the allegations in the motion, there was no error in overruling application for continuance and motion for new trial. Following Hunter v. State, 59 Texas Crim. Rep., 439, and other cases.

#### 2.—Same—Continuance—Impeaching Testimony.

The continuance will not be granted where the absent testimony is merely of an impeaching nature, and a motion for new trial on that ground will be overruled. Following Cain v. State, 153 S. W. Rep., 147, 68 Texas Crim. Rep., 507, and other cases.

#### 3.—Same—Other Acts of Carnal Intercourse.

Where, upon trial of incest, the exact occasion upon which the offense was committed was the subject of controversy and the fact of intercourse at all was sharply in issue, there was no error in admitting in evidence other acts of carnal intercourse than the one named in the indictment. Following Gillespie v. State, 49 Texas Crim. Rep., 530, and other cases.

#### 4.—Same—Accomplice—Charge of Court.

Where, upon trial of incest, defendant contended that the sister of the assaulted party became an accomplice by reason of her knowledge of the carnal intercourse between her father and her sister and her failure to remonstrate or disclose it, held, that such contention is untenable. Following Noftsinger

v. State, 7 Texas Crim. App., 301, and other cases. Besides the bills of exception are defective.

### 5.—Same—Evidence—Bill of Exception—Other Transactions.

In the absence of a bill of exception, testimony introduced of acts of intrecourse between defendant and the sister of the assaulted party can not be considered, and where a bill of exceptions is rejected or refused by the court, defendant should bring up the matter by a bill of bystanders.

### 6.—Same—Argument of Counsel—Invited Argument.

Where the qualification of the bill of exceptions brings the objected argument within the rule of invited argument, and one which could be cured by the withdrawal of the same in a requested charge, there was no reversible error. Following Morris v. State, 39 Texas Crim. Rep., 371, and other cases.

### 7.—Same—Motion for New Trial—Continuance.

Where defendant's motion for a continuance was overruled and the affidavit of the alleged absent witness or his testimony was not offered to verify the allegations in the motion for new trial, there was no error in overruling same.

### 8.—Same—Motion for New Trial—Rule Stated.

The instances in which a new trial will be granted because of absent testimony, although the application for a continuance was properly overruled for want of diligence, are those only in which, from the evidence adduced on the trial, this court is impressed with a conviction not merely that the appellant might have been prejudiced, but that it is reasonably probable that a more favorable verdict would have resulted. Following Fuller v. State, 69 Texas Crim. Rep., 534.

### 9.—Same—Motion for New Trial—Affidavit.

While the failure to attach to the motion for new trial the supporting affidavit or evidence of the absent witness does not absolve the court from the duty of considering the motion, otherwise regular, it does bear upon the question on appeal, as to whether in refusing to grant the motion for new trial, the trial court committed an error requiring a reversal. Following Sharpe v. State, 71 Texas Crim. Rep., 640, and other cases.

### 10.—Same—Motion for New Trial—Practice on Appeal—Rule Stated.

Where, as arising on a motion for new trial, the testimony of the absent witness could not bear upon the abuse of discretion of the trial court in overruling the motion for a continuance, for the reason that the proposed testimony was not in the application for continuance at all, there was no error in overruling same.

### 11.—Same—Newly Discovered Evidence—Rule Stated.

Applying the rules applicable to a motion for new trial, on the ground of newly discovered evidence, the same is that if the motion is not supported by the affidavit or sworn statements of the absent witness, etc., that the action of the trial court in overruling same, can not be reviewed. Following Burrell v. State, 62 Texas Crim. Rep., 635, and other cases.

### 12.—Same—Newly Discovered Evidence—Rule Stated.

One of the elements essential to require this court to review the action of a trial court in refusing a new trial on account of newly discovered evidence is that it must appear that the evidence is probably true, and where the trial court might have reached a conclusion favorable to the defendant, if the motion had been supported by affidavit or other evidence, and where it was not so supported, there was no reversible error.

**13.—Same—Accomplice—Knowledge of Crime.**

Mere knowledge of a crime and failure to disclose it does not make such a person an accomplice to said crime. Following Loyd v. State, 39 Texas Crim. Rep., 356, and other cases.

Appeal from the District Court of Runnels. Tried below before the Hon. J. O. Woodward.

Appeal from a conviction of incest; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*R. B. Truly, T. T. Crosson* and *Jas. P. Cogdell,* for appellant.—On question of continuance and motion for new trial: Cockrell v. State, 71 Texas Crim. Rep., 543.

On question of withdrawal of testimony: Welhausen v. State, 30 Texas Crim. App., 623; Bluman v. State, 33 Texas Crim. Rep., 43; Barth v. State, 39 id., 381.

On question of argument of counsel: Morgan v. State, 62 Texas Crim. Rep., 120; Wilson v. State, 194 S. W. Rep., 828; Collins v. State, 75 Texas Crim. Rep., 534.

On question of accomplice: Oates v. State, 48 Texas Crim. Rep., 137, and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a conviction for incest with punishment fixed at confinement in the penitentiary for a period of ten years.

The other party to the transaction, as charged in the indictment, is Docia Alexander, a daughter of appellant. Her testimony, with corroboration, supports the verdict. No abuse of discretion is shown in overruling appellant's application for a continuance. It appeared from the court's qualification that there was no probability of securing the personal attendance of one of the witnesses and that ample opportunity to procure her testimony by other means had been afforded and declined, and that the other absent witness was present at the hearing of the motion for new trial and was not called upon to verify the truth of the allegations in the motion for a continuance as to his testimony. Hunter v. State, 59 Texas Crim. Rep., 439; Lane v. State, 59 Texas Crim. Rep., 595; Vernon's C. C. P., p. 320, note 32, and cases cited, also p. 322. In the application for continuance the testimony of the absent witness, Dameron, was to the effect that the prosecuting witness, Docia, had asked him to procure poison that she might administer it to her father so that she might be free to have a good time with boys. In the motion for new trial it is shown that the witness would not have given the testimony as to the poison as to Docia, but would have given it as to her sister, who was a witness in the case. The evidence

sought, as was the other testimony of Dameron, if admissible, was impeaching in its nature, the absence of which, under the decisions of this court, does not demand a new trial. Michie Cr. Digest, vol. 2, p. 87, cases listed; Vernon's C. C. P., p. 317, note 25, cases listed.

One of appellant's complaints is based upon the refusal of the court to exclude evidence of acts of intercourse other than that on the days named in the indictment. The question of law thus abstractly presented has long been a subject upon which there has been a diversity of opinion expressed in the decisions of this court and the dissenting opinions of its judges. Illustrative are: Clifton v. State, 46 Texas Crim. Rep., 14; Gillispie v. State, 49 Texas Crim. Rep., 531; Skidmore v. State, 57 Texas Crim. Rep., 497; Pridemore v. State, 59 Texas Crim. Rep., 564, excluding such evidence, and Burnett v. State, 32 Texas Crim. Rep., 86; Williamson v. State, 72 Texas Crim. Rep., 618; Van Smith v. State, 64 Texas Crim. Rep., 454; Cain v. State, 68 Texas Crim. Rep., 507, 153 S. W. Rep., 147; Vickers v. State, 75 Texas Crim. Rep., 12, 169 S. W. Rep., 669, declaring it proper. Without an extended review of the subject, the writer is of the opinion that the receipt or rejection of such evidence is to be determined by the facts of the case in hand and that it often becomes admissible as tending to solve a controverted issue. Appellant stoutly denied the intercourse with appellant covering a period of about a year preceding other witnesses for the State endeavored to discredit her testimony and her motives for giving it. She was fourteen years of age. She was unable to testify to an act of intercourse specifically coinciding with the date charged in the indictment. She testified to a series of acts of intercourse with appellantl covering a period of about a year preceding the date related in the indictment and coming up approximately thereto. In some of this she was corroborated by her sister about a year older than she. The exact occasion upon which the offense was committed was the subject of controversy and the fact of intercourse at all was sharply in issue. We think the evidence admitted was relevant under the circumstances to aid in solving these issues.

There are no exceptions to the court's charge though some special charges were requested. One of these involves the proposition that the sister of Docia Alexander became an accomplice by reason of her knowledge of the intercourse between her father and her sister and her failure to remonstrate or disclose it. The daughters of appellant were, respectively, fourteen and fifteen years of age. Their mother was dead. They were members of their father's household and under his control. We do not think the fact that the sister had knowledge of the transaction, under the circumstances, made her an accomplice or raised that issue. Noftsinger v. State, 7 Texas Crim. App., 301; Branch's Crim. Law, sec. 319, and cases listed. The other charges requested are covered by the main charge in so far as they related to the evidence. The bill presenting the charges is quite indefinite, simply stating the charges, numbers 1 to 5, inclusive, are presented in due time and refused by

the court and the exceptions taken. None of the charges are set out in the bill, either in tenor or effect, nor are there reasons assigned showing their applicability to the case. C. C. P., art. 743, Vernon's Crim. Stats., vol. 2, p. 521, note 57, and cases cited. We have read them in connection with the other parts of the record and reached the conclusion that if more definitely presented, our views as to the disposition of the case would not be affected thereby.

Appellant suggests in his brief that there was evidence of acts of intercourse between appellant and the sister of Docia Alexander; that while this testimony was withdrawn, it was of such damaging character that its withdrawal did not cure the error in its introduction. If it was shown that such evidence was introduced over appellant's objection we would regard it as very serious. In the absence of bill of exceptions, however, showing that it was introduced and that appellant objected to it, the subject is now brought before this court for review. C. C. P., art. 744; Vernon's C. C. P., p. 554, and cases cited. There is copied into the record a bill of exceptions prepared by appellant, but the judge refused to approve it and the appellant failed to verify the facts by bystanders. The law precludes the consideration of the matter.

The district attorney, in his argument closing the case declared that: "Defendant, after the death of his wife, became a wild demon. . . . This is a case that deserves bitterness." The following quotation from the bill is taken: "Then stating with reference to his talk and conversation with witness, Docia: 'The more I talk with her, the more I am impressed with her truth. . . . Defendant never did try to find the author of Docia's shame. . . . Look at that satanic grin and laugh on his face.'" Without approving the terms selected by the district attorney in the argument mentioned, and considering alone the question of law, involved in the bill, we think that viewed in the light of the previous opinions of this court, particularly that of Morris v. State, 39 Texas Crim. Rep., 371; Turner v. State, 61 Texas Crim. Rep., 97; Kemper v. State, 63 Texas Crim. Rep., 32, and other cases cited by Mr. Branch in his Ann. P. C., pp. 205-6, that reversible error is not disclosed. The court, in qualifying the bill, states that the reference to the grin and laugh was provoked by the defendant laughing during the argument, which seems to bring that part within the rule of invited argument. See Branch's Ann. P. C., art. 205, sec. 363, and cases cited. We do not think that the argument with reference to his impressions of the witness, Docia, comes within the rule which inhibits the prosecuting attorney from giving testimony in his argument. We are of opinion that the bill does not show conduct of so grave a character as to obviously show injury and prejudice against the appellant, such as could not be cured by withdrawal in a special charge. The remarks were such that if he deemed them improper he could, in a special charge, have sought their withdrawal. Branch's Ann. P. C., p. 204, sec. 362, and cases cited.

Counsel, in a brief displaying commendable and exhaustive research, have presented the matters discussed and others in the record. After a careful examination of them we are constrained to believe that the record does not disclose that appellant's trial was unfair, or that there was departure from the procedure provided by law to protect his rights.

It is therefore ordered that the judgment of the lower court be affirmed.

*Affirmed.*

### ON REHEARING.

#### December 12, 1917.

MORROW, Judge.—In view of appellant's earnest contention that the motion for new trial, based upon the action of the trial court in overruling the application for a continuance, should have been granted, we have carefully reviewed the matter.

The motion for continuance contained the allegation that Dameron, a witness named therein, would testify that Docia Alexander, the daughter of appellant with whom the incest is charged to have taken place, had asked the witness to procure poison that she might administer it to her father. On the motion for new trial appellant set up the fact that in attributing this statement to Docia Alexander he was in error, but that the witness would give such testimony with reference to May, the sister of Docia Alexander. The record shows that May Alexander was an important witness corroborating Docia and that appellant, by his conduct at the trial, endeavored to show, through circumstances, conspiracy between the two girls against him pursuant to which they gave damaging testimony. Appellant was tried March 22. His motion for new trial was overruled April 4, at which time the witness, Damron, was present. He was not offered as a witness to verify the allegations in the motion for new trial, nor did any affidavit from him accompany it.

There are instances in which a motion for new trial should be granted because of absent testimony, though the application for a continuance to obtain it was properly overruled for want of diligence. Branch's Ann. P. C., p. 188, sec. 319, and cases cited; Casanova v. State, 12 Texas Crim. App., 554; Baxter v. State, 68 Texas Crim. Rep., 136, 150 S. W. Rep., 912. These instances are those only in which, from the evidence adduced on the trial, the appellate court is impressed with the conviction not merely that the appellant might have been prejudiced, but that it is reasonably probable that a more favorable verdict would have resulted. Covey v. State, 23 Texas Crim. App., 391; Fuller v. State, 59 Texas Crim. Rep., 534, 154 S. W. Rep., 1021; Branch's Ann. P. C., p. 188, sec. 319, and cases cited; also p. 128, sec. 201. The failure to attach to the motion for new trial the supporting affidavit or evidence of the absent witness does not absolve the court from the duty of considering the motion, otherwise regular; but it does bear

upon the question presented on appeal as to whether in refusing to grant the motion the trial court committed an error requiring reversal. Sharp v. State, 71 Texas Crim. Rep., 640; Polk v. State, 60 Texas Crim. Rep., 462; Davis v. State, 64 Texas Crim. Rep., 8; McMillen v. State, 66 Texas Crim. Rep., 228, 146 S. W. Rep., 1190; Browning v. State, 26 Texas Crim. App., 432; Vernon's C. C. P., p. 321, and cases cited; Hyman v. State, 59 Texas Crim. Rep., 29; Singleton v. State, 57 Texas Crim. Rep., 560.

When the application for a continuance was presented, it was urged on the proposition that the absent witness, Damron, would, if present, testify to a conversation with the injured party, Docia Alexander. As presented on the motion for new trial it appeared that the absent witness would not testify to the alleged statement made by Docia Alexander, but that he would testify to a statement made by her sister, May Alexander. As arising on the motion for new trial the testimony of the absent witness could not bear upon the abuse of discretion of the trial court in overruling the motion for a continuance, for the reason that the proposed testimony was not in the application for continuance at all. On the motion for new trial the testimony of the absent witness could be considered only as coming within the principle of newly discovered evidence. In other words, the motion for new trial was sought on the ground that Damron, who was not present at the trial, would testify to a statement alleged to have been made by May Alexander, and that the fact that he would give such testimony had been learned since the trial. Applying the rules applicable to a motion for new trial on account of newly discovered evidence, it will be found that the decisions of this court are uniform to the effect that if the motion is not supported by the affidavit of sworn statement of the absent witness, or the absence thereof satisfactorily accounted for, that the action of the trial court in overruling the motion can not be reviewed. Stallworth v. State, 66 Texas Crim. Rep., 428, 147 S. W. Rep., 238; Burrell v. State, 62 Texas Crim. Rep., 635; Polk v. State, 60 Texas Crim. Rep., 462; Martin v. State, 57 Texas Crim. Rep., 595; Laird v. State, 69 Texas Crim. Rep., 553, 155 S. W. Rep., 260; Williams v. State, 65 Texas Crim. Rep., 193, 144 S. W. Rep., 622; Bracher v. State, 72 Texas Crim. Rep., 198; West v. State, 2 Texas Crim. App., 210; Blake v. State, 3 Texas Crim. App., 581, and other cases cited in Vernon's C. C. P., p. 806, note 13; also under art. 837, C. C. P., subdiv. 6, cases cited in Vernon's Crim. Stats., vol. 2, pp. 778-785.

One of the elements essential to require this court to review the action of the trial court in refusing a new trial on account of newly discovered evidence is that it must appear that the evidence is probably true. Gass v. State, 56 S. W. Rep., 73; Smith v. State, 28 Texas Crim. App., 309; Kirksey v. State, 61 Texas Crim. Rep., 641, and numerous cases cited in Vernon's C. C. P., p. 786, note 11. The trial court in this case might have reached a conclusion on the motion for

new trial favorable to the appellant if the motion had been supported by the affidavit or evidence of Damron, and the failure to so support the motion when he was present in court probably influenced the judgment of the trial court in determining whether the evidence was probably true. We would not, in view of these authorities, be justified in disturbing the finding of the trial court, even though the proffered testimony be not classified as impeaching evidence.

Another matter stressed in the motion for new trial is the contention that May Alexander was an accomplice and that her testimony should have been weighed by the jury under instructions by the court as accomplice testimony. This is based upon the proposition that May Alexander knew of the crime and failed to disclose it. According to the rule applied in this court she was not an accomplice. Noftsinger v. State, 7 Texas Crim. App., 324; Schakey v. State, 41 Texas Crim. Rep., 255, 53 S. W. Rep., 877; Elizando v. State, 31 Texas Crim. Rep., 243; Webb v. State, 60 S. W. Rep., 961; Loyd v. State, 39 Texas Crim. Rep., 356; Smith v. State, 23 Texas Crim. App., 357; 59 Am. Rep., 576; Rucker v. State, 7 Texas Crim. App., 564. In view of these authorities we are constrained to overrule the motion for rehearing.

*Overruled.*