### John J. Boyd v. The State.

No. 11006.  Delivered October 5, 1927.

Rehearing denied November 16, 1927.

1.—**Passing Forged Instrument—Continuance—No Diligence Shown—Properly Refused.**

Where appellant complains of the refusal to grant him a continuance on account of absence of three witnesses, and it appears that there was no process issued for either of said witnesses for more than a year after the return of the indictment, no diligence is shown. To entitle one to a continuance diligence in securing the attendance of the absent witnesses is a necessary prerequisite. See Art. 641, C. C. P., 1925.

ON REHEARING.

2.—**Same—New Trial—Properly Refused.**

Where appellant seeks a new trial on account of the testimony of absent witnesses of a material character, but for whose attendance no diligence was shown, and his motion fails to present the affidavits of such witnesses as to their testimony, there was no error in refusing him a new trial. See Sharp v. State, 71 Tex. Crim. Rep. 640, and other cases cited in opinion on rehearing.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for passing a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

*G. H. Crane* and *A. S. Basket* of Dallas, for appellant.

*William McCraw,* District Attorney, *Andrew J. Priest,* Assistant District Attorney of Dallas County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Passing a forged instrument is the offense, punishment fixed at confinement in the penitentiary for a period of two years.

The instrument was a check for $43.50, payable to J. C. Simmons, or bearer, drawn on the Republic National Bank, and signed by Efton Walker.

The evidence is conflicting. From that of the state it appears that the check mentioned was forged; that it was possessed by the appellant and passed by him in payment of a suit of clothes which he was wearing at the time of his arrest. Witnesses who were present at the time the check was passed saw the appellant immediately after his arrest, identified him and identified the clothes which he was wearing as those which he had obtained by means of the forged check.

Appellant testified in his own behalf and denied the transaction in toto. He testified to an alibi and introduced some witnesses in support of that defensive theory. There was some impeaching testimony showing that the appellant and one of his witnesses had been previously indicted for offenses involving moral turpitude.

A motion for a continuance was made on account of the absence of three witnesses, namely, Hilburn, Simmons and Winters. The testimony of Winters was intended to impeach one of the state's witnesses, while that of the other two witnesses, according to the averments of the motion, was of a material nature. The indictment was returned on the 22nd day of January, 1926, and the trial took place on February 7, 1927. It was alleged that Hilburn resided in Greenville, Hunt County, Texas; that a subpoena was issued for him on January 31, 1927, and returned "not served" at a date not named. It was alleged that Simmons resided in Fort Worth, Tarrant County, Texas, at a certain street and number; that on the 31st of January, 1927, subpoena was issued for the witness, which was not

attached to the motion but which the appellant claims was returned without any notation as to whether or not it had been served on the witness. A subpoena for Winters was issued on January 31, 1927, and sent to Farmersville, Collin County, Texas, where the witness was alleged to have resided, but the subpoena had not been returned. It is apparent from the averments that the process relied upon was not issued or called for until more than a year after the indictment was filed. There is nothing in the nature of the testimony sought nor anything otherwise appearing in the record which suggest any sufficient reason for the delay. To entitle one to a continuance, diligence in securing the attendance of the witness is a necessary prerequisite. It is so declared by statute, Art. 641, C. C. P., 1925. Unexplained delay such as that revealed by the present record fails to satisfy the law demanding diligence. See Vernon's Ann. Tex. C. C. P., 1925, Vol. 1, p. 428, Note 6; also Jackson v. State, 103 Tex. Crim. Rep. 258; Andrews v. State, 100 Tex. Crim. Rep. 395; Musselman v. State, 101 Tex. Crim. Rep. 96.

The judgment is affirmed.                          *Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant urges that although diligence to secure the witnesses Hilburn and Simmons is lacking, the trial court nevertheless should have granted a new trial upon the proposition that when all the evidence produced on the trial was considered it appeared that the testimony of the absent witnesses was probably true and might have brought about a different result. Under the record we doubt whether the rule invoked by appellant is applicable because of an almost entire want of diligence. As to the point insisted upon, however, we quote from the opinion on rehearing in Alexander v. State, 82 Tex. Crim. Rep. 431, 199 S. W. 292, as follows:

"There are instances in which a motion for new trial should be granted because of absent testimony, though the application for a continuance to obtain it was properly overruled for want of diligence. Branch's Ann. P. C., p. 188, Sec. 319, and cases cited; Casanova v. State, 12 Tex. Crim. App. 554; Baxter v. State, 68 Tex. Crim. Rep. 136, 150 S. W. 912. These instances are those only in which, from the evidence adduced on the trial, the appellate court is impressed with the conviction not merely that the appellant might have been prejudiced, but that it is reasonably

probable that a more favorable verdict would have resulted. Covey v. State, 23 S. W. 1021; Branch's Ann. P. C., p. 188, Sec. 319, and cases cited; also p. 128, Sec. 201.  The failure to attach to the motion for new trial the supporting affidavit or evidence of the absent witness does not absolve the court from the duty of considering the motion, otherwise regular; but it does bear upon the question presented on appeal as to whether in refusing to grant the motion the trial court committed an error requiring reversal.  Sharp v. State, 71 Tex. Crim. Rep. 640; Polk v. State, 60 Tex. Crim. Rep. 462; Davis v. State, 84 Tex. Crim. Rep. 8; McMillen v. State, 66 Tex. Crim. Rep. 228, 146 S. W. 1190; Browning v. State, 26 Tex. Crim. App. 432; Vernon's C. C. P., p. 321, and cases cited; Hyman v. State, 59 Tex. Crim. Rep. 29; Singleton v. State, 57 Tex. Crim. Rep. 560."

It is averred in appellant's application for continuance that Simmons would testify that he executed the alleged forged check signing thereto the name of Walker, and that Hilburn would testify that he was present and saw Simmons execute the check, claiming a right to sign Walker's name.  The testimony shows that appellant had an opportunity to be familiar with Walker's handwriting and that the name signed to the check was a fair imitation of Walker's genuine signature.  Walker positively asserts that he did not know Simmons and had never heard of him.  It is not likely that if Walker's name had been signed to the check by a party who thought he had authority so to do that an effort to imitate the genuine signature would have been necessary.  The state's evidence was that appellant gave the check in payment for a suit of clothes which he had on when arrested and identified by the state's witnesses.  In view of these facts we cannot bring ourselves to believe that Simmons would have assumed responsibility for the execution of the forged check, or that Hilburn would have testified as expected. There is no affidavit from either witness attached to the motion for new trial verifying the averments in the application for continuance as to their testimony.  Under the circumstances we think the trial court abused no discretion in concluding that the testimony expected from the witnesses was not probably true, and therefore committed no error in overruling the motion for new trial based upon the denial of the continuance.

The motion for rehearing is overruled.

*Overruled.*