## JAKE HENSON v. THE STATE.

No. 20643. Delivered December 6, 1939.
Rehearing Denied February 7, 1940.

The opinion states the case.

*Vernis Fulmer,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for burglary. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. The record shows that on the night of December 27, 1932, the store of Brookshire Brothers in Nacogdoches was entered by forcing open a double door with some instrument which made a dent near the lock. On the night in question, the night watchman noticed two men walkinng in front of the building back and forth on two occasions. He walked behind the ice plant and observed from this point that two men were sitting in front of the store. Upon approaching the spot where they had been sitting, he found the door to the store open and only one person sitting in front of it, whom he recognized as Baby Spencer. He asked Spencer who was inside, but Spencer replied that he did not know. The watchman then entered the building and called: "Whoever is in here, come out where I can see you." Appellant came out and the officer started with him toward the jail, but had not gone very far when another person came out of the building and ran away. He left appellant in the street and gave chase, but was unable to catch this other person. Upon his return, he found appellant gone. However, he was arrested on the following day.

Appellant testified in his own behalf and denied that he was in the store on the night in question. It was his contention that he was on his way to town when he saw a person run by him whom he took to be an acquaintance named Ryan Reid, who had died since the alleged offense was committed. It is obvious that the testimony raised an issue and that the jury was justified in their conclusion of appellant's guilt.

By a number of bills of exception appellant complains that he was forced to trial without the testimony of Baby Spencer and one, Collins. He claims that one of these witnesses (Collins) would have testified that he and Reid alone burglarized the store. That Spencer would have testified that he was near the burglarized premises and saw the door to the building open.

That from this point he could also see appellant at his home at that time. All of these matters were set up in his motion for a new trial and evidence heard thereon. The court, in his qualification to the bills, states that appellant's case was set for trial on April 10th, and that he failed to appear as he had done on previous occasions. That his appearance bond was forfeited and a capias issued for his arrest. That he was immediately arrested and brought into court where he remained nearly all day without any attempt to secure the attendance of witnesses, although he was informed that his case was set for the following day. It appears that the indictment was returned against appellant in March, 1933. From that date down until the date of the trial the record does not disclose any efforts on the part of appellant to secure the attendance of these witnesses. Appellant claims in his bills that efforts were made, but these efforts are not reflected in the official record. On the following morning the State announced ready for trial. It was brought to the attention of the court that appellant was without counsel, and an attorney was appointed to confer with him relative to a possible suspension of sentence. It was determined, however, that appellant was ineligible for a suspension since he had already had one suspension of sentence. When the district attorney began to examine the prospective jurors on their voir dire, appellant's mother made arrangements with the Honorable V. Fulmer to represent him upon his trial. The court was informed of this arrangement. The employed attorney requested a postponement of the case until the attendance of Baby Spencer could be obtained. The court declined to order an attachment on the ground that said witness had not theretofore been summoned. A subpoena was then issued and placed in the hands of the sheriff. This witness did not appear until the jury had retired to consider their verdict. When he did appear, the court inquired of him as to what he knew about the facts of the case and he replied that he knew nothing. The court qualified these bills and in his qualification thereof states that when the case was called for trial on the morning of April 10th, appellant failed to appear. That he ordered a capias to be issued, had him arrested and brought into the court room at 11:00 a. m. on said date, when he was advised that his case would be called for trial on the following morning, but appellant made no effort to obtain process for the desired witness. Appellant accepted these bills as qualified, and as thus qualified they fail to reflect reversible error. We think the trial court was justified in concluding that appellant had failed to show proper diligence to secure the attendance

of the witness. See 9 Tex. Jur. pp. 785-786, secs. 100-101; Bowen v. State, 3 Tex. Cr. App. 617 (624). See also Boyd v. State, 108 Tex. Cr. R. 138, 299 S. W. 902, and authorities cited.

Appellant also complains of the court's action in overruling his Second Amended Motion for a New Trial, in which he asserts that after the court had denied his oral request for a continuance or postponement based on Spencer's absence, he asked leave to reduce his oral motion to writing and file it at a later day. Attached to this motion was the affidavit of Spencer in which he states that on the night of the alleged burglary he was standing in front of Dr. Young's place. From this point he could see appellant's house and also the burglarized store, which was lighted at this time. He further stated that he went across the street where he had agreed to meet a negro who was to sell him a pint of whisky, and that while there, he noticed appellant walking about in his room at his home. That he did not see appellant either enter or leave the burglarized premises; that the next time he saw him was when he and the night watchman were in front of the store. He stated that about this time he saw Ryan Reid and some other man run out of the store. There is also a statement to the effect that Spencer had been summoned once or twice as a witness after the indictment was returned against appellant.

The State contested the motion and the court heard evidence thereon. Appellant offered no other testimony in support of his allegations. The State's witnesses showed that Spencer had stated to the clerk and the presiding judge on the day of the trial that he knew nothing about the case. Under the authority of Wiley v. State, 36 S. W. (2d) 495, and authorities there cited, we think this court would not be authorized in holding that the trial court abused his discretion in determining that under all the circumstances, had the absent testimony been before the jury, no different result would have been likely. Moreover we think that appellant failed to exercise due diligence to secure the attendance of Spencer. See the authorities cited ante. It is the well settled and established rule that the denial of a motion for a new trial rests within the sound discretion of the trial court, and unless it is made to appear that the court abused his discretion in this respect, this court will not reverse the judgment. Branch's Ann. P. C., Sec. 314 and authorities cited.

Appellant addressed a number of objections to the court's charge and requested a number of special charges. We had carefully examined the charge in the light of the objections

thereto and reached the conclusion that the same was a full and fair instruction to the jury on the law applicable to the facts. Hence, there was no error in declining to give his special requested instructions.

All other matters complained of by appellant have been carefully examined by us and are deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because of the court's refusal to grant to him a continuance in his case in order that he might have present the testimony of one "Baby" Spencer, which testimony, as shown by affidavit of the witness attached to the motion for a new trial, was material to his defense.

It is apparent from such affidavit that the testimony of this witness was certainly material to the appellant's defense, and if a motion for a continuance had been filed with the trial court at the proper time this court would have a different question presented relative thereto. We do think the testimony of the witness material, and if believed to be true by the jury it would probably have resulted in a favorable verdict for the appellant. Unfortunately for appellant, according to the trial court's qualification to his bill, he made no application for a continuance, nor did he make any oral request therefor, and ask permission to reduce the same to writing at a later date. The trial court's qualification to each bill referring to the absence of the witness Spencer is the same, and is in part as follows:

"Upon x x x Tuesday, April 11, 1939, about 9 o'clock A. M. the case was called for trial, and the State announced ready x x x and the defendant announced ready for trial. The names appearing on the list of jurors for the week were drawn and lists prepared and delivered to the district attorney and to the defendant, and the district attorney commenced interrogating the jury panel. Before this was completed, Hon. Vernis Fulmer, present attorney for defendant, came into court and advised the court that he had just been retained by defendant's mother to represent the defendant, and asked whether it would be satisfactory for him to do so and was assured that it was.

He asked the court for a little time to confer with the defendant, which was granted, and when he returned, he asked that the trial be delayed in order to secure the attendance of E. V. (Baby) Spencer as a witness. This request was made orally and was refused. It was not made in writing, nor was any request made for time to commit it to writing, nor for permission to reduce it to writing and 'file it back' as of the time of the making of the oral request. Mr. Fulmer then requested an attachment for the witness, which was refused, in view of the absence of any showing whatever, or any claim or representation that said Spencer had ever been summoned as a witness, or that the defendant had ever applied for process for him. I did, however, order that a subponea issue for said witness, and ordered the sheriff to telephone Sheriff McMurray at Henderson and advise him that such subpoena had been issued and to request Sheriff McMurray to have the witness summoned at once and ordered to report at once, and to report back if such service was not had. The sheriff reported back to me that my instructions had been carried out, and from time to time reported to me that he had had no further report from Sheriff McMurray. I informed Mr. Fulmer that he would be permitted to use Spencer as a witness if he appeared before the conclusion of the trial, but that the trial would not be delayed on account of the absence of the witness, because of the total failure of defendant to exercise any sort of diligence to secure the attendance of the witness, stating to him, substantially, that the defendant had had nearly seven years in which to secure the attendance of the witness and had never done so. Mr. Fulmer from time to time through the trial asked permission to have Spencer called, which in every instance was granted, the officer in attendance upon the court making inquiry from time to time in the court room and without, as to whether the witness had arrived. Said attorney, from time to time during the trial, orally requested further time within which to procure attendance of Spencer.

"5. The trial was concluded some time in the afternoon, without the said Spencer having arrived, and the jury retired. Subsequently, and before the jury's verdict was rendered, Spencer put in his appearance, and defendant's counsel, as well as the court, were so advised, but he was not used as a witness."

Under this qualification we have no proper or legal grounds presented to us for granting this motion, and the motion will will therefore be overruled.