## W. T. BOWLING v. STATE

No. 29,195. October 30, 1957.

*Joe J. Newman,* Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $200.00.

Highway Patrolman Cruse and Deputy Sheriff DeWalt testified that they observed a pickup truck being driven across the center line of the highway, turned around, brought it to a halt, observed the appellant, who was the driver, stagger, and expressed the opinion that he was intoxicated.

Sheriff Evans testified that he observed the appellant when he was brought to the jail on the night in question and expressed the opinion that he was intoxicated.

The appellant, testifying in his own behalf, stated that he had drunk three or four beers and purchased six to take with him shortly before his arrest, but denied that he was intoxicated.

Cooper Friday, who sold the appellant the beer, corroborated his testimony.

The jury resolved the conflict in the evidence as to the appellant's state of intoxication, and we find the evidence sufficient to support the conviction.

We shall discuss the bill of exception advanced in appellant's brief. The exact phraseology employed by the prosecutor has not been quoted in the bill, but it does recite that he told the jury that the witness Cruse was telling the truth. The bill is qualified as follows:

"Before the Court ruled on the defendant's objection the County Attorney told the Court and jury that he withdrew such statement, and thereupon made the statement that, in his opinion, (the County Attorney's opinion), the witness Cruse was telling the truth. Whereupon the Court, after the County Attorney withdrew said statement, overruled defendant's objection."

Appellant relies upon Womack v. State, 160 Texas Cr. Rep. 237, 268 S.W. 2d 140. In that case, the prosecutor called the names of the two state witnesses and said "who are not only two examples of fine officers, but two examples of fine citizens." We held that this constituted unsworn bolstering of the credibility of the state's witnesses.

In the case at bar, however, we have merely the statement of the prosecutor that the witness was telling the truth, which was promptly withdrawn when an objection was made, and correctly stated as an opinion which was proper.

In Alexander v. State, 82 Texas Cr. Rep. 431, 199 S.W. 292, this court held that reversible error was not reflected by a bill which recited that the prosecutor, in discussing the witness Docia, said, "The more I talk with her, the more I am impressed with her truth."

Finding no reversible error, the judgment of the trial court is affirmed.